# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT L. ADAMS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 16-1977 |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

After creditors foreclosed on Robert Adams's home, he sued in the Eastern District of Michigan alleging the Federal Deposit Insurance Corporation (FDIC) violated the Fair Debt Collection Practices Act and various state law claims. After the Eastern District of Michigan dismissed the suit, he filed another action against the FDIC in the District of Nevada, which transferred the case to this Court for proper venue. Now pending is the FDIC's motion to dismiss for failure to state a claim. Because res judicata precludes Adams's claims, the Court dismisses his complaint with prejudice.

## I. Background

In August 2004, with mortgage rates at an all-time low, Adams refinanced his Michigan home with a loan from Washington Mutual Bank. When he defaulted, the bank initiated foreclosure proceedings, eventually recording a sheriff's deed and suing in Michigan state court to recover possession. In the throes of the subprime mortgage crisis, while that suit remained pending, Washington Mutual went under; the FDIC was appointed its receiver.

The FDIC transferred Adams's home via quitclaim deed to JP Morgan Chase, and the Michigan trial court awarded Chase possession as Washington Mutual's successor. When the Michigan Court of Appeals reversed that award, Chase recorded its quitclaim deed and successfully sued twice in Michigan state court, once to recover possession and again to evict Adams.

In August 2015, Adams sued Chase and the FDIC in the Eastern District of Michigan challenging the foreclosure and eviction proceedings. But since Adams failed to properly serve the FDIC, it never participated in the case. Adams's complaint raised thirteen claims:

1. A Fair Debt Collection Practices Act (FDCPA) claim against Chase and the FDIC;
2. a quiet title claim against Chase;
3. a false encumbrance claim against Chase and the FDIC;
4. a slander of title claim against Chase and the FDIC;
5. an unlawful eviction claim against Chase and the FDIC;
6. a trespass claim against Chase and the FDIC;
7. a constructive eviction claim against Chase;
8. a fraud claim against Chase and the FDIC;
9. an abuse of process claim against Chase and the FDIC;
10. a breach of fiduciary duty claim against the FDIC;
11. a breach of fiduciary duty claim against Chase;
12. a due process claim under *Bivens* against Chase and the FDIC; and
13. a due process claim under 42 U.S.C. § 1983 against Chase and the FDIC.

After Adams withdrew his slander of title claim, the Eastern District of Michigan found that claims 1, 5, 6, 7, 8, 10, 11, 12, and 13 failed to state a claim upon which relief could be granted,

and that the Michigan state courts' judgments precluded claims 2, 3, 5, 8, 9, 11, 12, and 13. On that basis, the Eastern District of Michigan dismissed plaintiff's entire complaint with prejudice, and the Sixth Circuit affirmed. *Adams v. JP Morgan Chase Bank, N.A.*, No. 15-12788, 2016 WL 3087701 (E.D. Mich. June 2, 2016), *aff'd*, No. 16-1904, 2017 WL 2819231 (6th Cir. Apr. 13, 2017).

While his appeal was pending before the Sixth Circuit, Adams filed this suit in the District of Nevada. Unlike his complaint in the Eastern District of Michigan, Adams named only the FDIC as a defendant (even though the complaint discusses Chase as if it were named). But like his complaint in the Eastern District of Michigan, he raises twelve nearly identical claims:

1. an FDCPA claim against Chase and the FDIC;
2. a quiet title claim against the FDIC;
3. a false encumbrance claim against Chase and the FDIC;
4. a slander of title claim against the FDIC;
5. an unlawful eviction claim against the FDIC;
6. a trespass claim against Chase and the FDIC;
7. a constructive eviction claim against Chase and the FDIC;
8. a fraud claim against the FDIC;
9. an abuse of process claim against Chase and the FDIC;
10. a breach of fiduciary duty claim against the FDIC;
11. a due process claim under *Bivens* against Chase and the FDIC; and
12. a due process claim under 42 U.S.C. § 1983 against Chase and the FDIC.

The case was transferred to this Court under 28 U.S.C. § 1404, and the FDIC filed this motion to dismiss.

## II. Discussion

In some cases, applying claim preclusion is "confusing and difficult." *Clark-Cowlitz Joint Operating Agency v. F.E.R.C.*, 775 F.2d 366, 382 (D.C. Cir. 1985) (Wright, J., concurring in part), *vacated on other grounds*, 826 F.2d 1075 (D.C. Cir. 1987) (en banc). This is not one of them. Because res judicata precludes all of Adams's claims, the Court dismisses his complaint.

### A. Legal Standard

A motion to dismiss tests a complaint's legal sufficiency. Under the doctrine of res judicata, a complaint is insufficient if its claims are precluded.

In federal court, claims are precluded if they could have been raised in a prior action between the parties—or their privies—that another federal court with jurisdiction adjudicated to a final judgment on the merits. *Lauterbach v. Huerta*, 817 F.3d 347, 351 (D.C. Cir. 2016). A new claim could have been raised in a prior action if it shares a "nucleus of facts" with the prior claims. *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (internal quotation marks omitted) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (2d Cir. 1977)) ("[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies."). To determine if claims share a "nucleus of fact," the Court considers "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004) (internal quotation marks omitted) (quoting *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 n.5 (D.C. Cir. 1983)). Parties are in privity if they share "an interest in the subject-matter affected by the judgment through or under

4

one of the parties, *i.e.*, either by inheritance, succession or purchase." *Gill & Duffus Servs., Inc. v. A. M. Nural Islam*, 675 F.2d 44, 406 (D.C. Cir. 1982) (internal quotation marks omitted) (quoting Comment, *Privity and Mutuality in the Doctrine of Res Judicata*, 35 Yale L.J. 607, 608 (1926)). And for claim preclusion purposes, a dismissal with prejudice constitutes a final judgment on the merits. *Ciralsky v. C.I.A.*, 355 F.3d 661, 669-70 (D.C. Cir. 2004).

When federal litigants rehash claims already decided by a state court, the Full Faith and Credit Act, 28 U.S.C. § 1783, "requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 554 U.S. 280, 293 (2005) (internal quotation marks omitted) (quoting *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986))

**B. Application**

On a first pass, claim preclusion knocks out Adam's nine current claims identical to claims raised in—and dismissed by—the Eastern District of Michigan: the FDCPA claim, the false encumbrance claim, the unlawful eviction claim, the trespass claim, the fraud claim, the abuse of process claim, the breach of fiduciary duty claim, the *Bivens* claim, and the § 1983 claim. Not only could Adams have raised them in his prior suit—he did. Despite naming only the FDIC, Adams regurgitates verbatim these claims from his prior complaint against Chase and the FDIC. The Eastern District of Michigan had jurisdiction under both 28 U.S.C. § 1331, as well as §§ 1332 and 1367, and it dismissed the claims with prejudice. These nine claims fail from the start.

Adams's constructive eviction claim can be similarly dispatched. To be sure, in his earlier suit Adams accused only Chase of constructive eviction, and he now accuses only the

5

FDIC. And although Adams named the FDIC in his Eastern District of Michigan suit, he failed to properly serve it and the FDIC thus did not participate. In a different case, this might tee-up the thorny question of whether claim preclusion should bind a plaintiff against an improperly served, nonparticipating defendant. But here, it is enough to note that the FDIC and Chase are in privity by virtue of the quitclaim deed transferring Adams's home from the FDIC to Chase. Because Adams raised his constructive eviction claim in a prior action against the FDIC's privy, and a federal court with jurisdiction dismissed the claim with prejudice, preclusion estopps him from taking a second bite.

The Full Faith and Credit Act handles Adams's quiet title claim. Michigan's test for claim preclusion tracks the D.C. Circuit's. *See Sloan v. City of Madison Heights*, 389 N.W.2d 418, 422 (Mich. 1986). As already noted, the FDIC and Chase are in privity. And Michigan state courts have twice rejected Adams's superior title claim as to Chase: once when Chase sued to recover possession, and again when it sued to evict Adams. So since prior litigation against the FDIC's privy in a court with jurisdiction led to a decision on the merits rejecting Adams's superior title claim, the Full Faith and Credit Act prohibits this Court from providing what Michigan state courts previously denied.

That leaves Adams's slander of title claim. Under Michigan law, "a person . . . who encumbers property" through "the recording of a levy, attachment, lien, lis pendens, sheriff's certificate, marshal's certificate, or other instrument of encumbrance . . . without lawful cause with the intent to harass or intimidate any person is liable" for slander of title. Mich. Comp. Laws § 656.25 (2018). At bottom, then, a slander of title claim "rests upon a false statement of defendant affecting plaintiff's right in the property." *Harrison v. Howe*, 67 N.W. 527, 528 (Mich. 1896). Whether the FDIC made such a statement obviously shares a nucleus of fact with

Adams's superior title claim, and thus could have been asserted alongside that claim in the prior litigation. But as mentioned, the Michigan state courts twice rejected Adams's superior title claim in litigation with the FDIC's privy, Chase. Just as the Full Faith and Credit Act bars Adams's quiet title claim, it also bars his slander of title claim.

**III. Conclusion**

Claim preclusion bars Adams's claims. The Court **GRANTS** the FDIC's motion to dismiss and **DISMISSES WITH PREJUDICE** Adams's complaint.

A separate order shall issue on this date.

_____   9/28/18
ROYCE C. LAMBERTH            Date
United States District Court